JULIAN M. BAUM (CA State Bar No. 130892)
ROBERT C. WEEMS
BAUM & WEEMS
9 Tenaya Lane
Novato, California 94947
Telephone: (415) 892-3152
Facsimile: (415) 892-3096

Attorneys for Plaintiff
David Carleton

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARLETON, an individual, | Case No. C07-03299 WHA |
| Plaintiff, | COMPLAINT |
| v. | [ERISA, 29 U.S.C. Sections 1001 et seq.] |
| 502 GAP, INC. HEALTH INSURANCE PLAN and THE GAP, INC., in its capacity as Plan Administrator, | |
| Defendants. | |

Plaintiff, David Carleton, alleges as follows.

////

////

////

////

////

## JURISDICTION

1. This is an action for equitable relief and for insurance benefits under an employee welfare benefits plan and group health insurance policy. Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. (hereafter, "ERISA"). This Court has subject matter jurisdiction of this action under 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events or omissions which give rise to plaintiff's claims occurred in the County of Contra Costa, State of California.

## FIRST CLAIM FOR RELIEF
[for reinstatement of participant and beneficiary status in ERISA plan]

3. Plaintiff David Carleton is, and at all relevant times was, a covered beneficiary under a group health insurance policy (hereafter, the "Policy") covering the employees of plaintiff's former employer, The Gap, Inc.

4. Defendant 502 GAP, INC. HEALTH INSURANCE PLAN, (hereafter, the "Plan") is employee welfare benefit established and maintained by plaintiff's former employer. The Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. Sections 1002 and 1003.

5. Defendant The Gap, Inc. is sued herein solely in its capacity as a Plan Administrator of the defendant Plan, and not in its capacity or by reason of its being plaintiff's former employer.

6. On or about February 1, 2007, the Plan terminated plaintiff's health insurance coverage, and that of his family, as of January 1, 2007, on the basis that the Plan believed that plaintiff had not timely made a required premium payment.

7. Plaintiff had timely made payment of the required premium on or about January 22, 2007.

8. On or about February 3, 2007, plaintiff requested that the Plan review and reconsider its termination of his health insurance coverage.

1  9.    By letter dated April 4, 2007, the Plan denied plaintiff's request for reinstatement of his health insurance coverage.

10.    Plaintiff has fulfilled every condition and has duly performed each and every obligation that he was required to perform under the terms of the Plan, and is and at all relevant times has been entitled to continued health insurance coverage under the terms and conditions of the Plan and applicable federal and state law.

WHEREFORE, plaintiff prays for judgment as follows:

1. For benefits due under the Plan;
2. For a declaration regarding plaintiff's rights to future benefits under the Plan, including reinstatement of plaintiff's status as a participant and covered beneficiary of the Plan;
3. For such equitable relief as the Court deems just and proper;
4. For prejudgment interest;
5. For attorneys' fees, costs and expenses;
6. For such other and further relief as the Court deems just and proper.

Dated: June 22, 2007

JULIAN M. BAUM
ROBERT C. WEEMS
BAUM & WEEMS

by /s/ by Julian M. Baum
JULIAN M. BAUM
Attorneys for Plaintiff
David Carleton

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named plaintiff and his immediate family (his spouse and his children), there is no such interest to report.

Dated: 6/22/2007

JULIAN M. BAUM
ROBERT C. WEEMS
BAUM & WEEMS

by /s/ Julian M. Baum
_____
JULIAN M. BAUM
Attorneys for Plaintiff