1 | JULIAN M. BAUM (CA State Bar No. 130892)
2 | ROBERT C. WEEMS
  | BAUM & WEEMS
3 | 9 Tenaya Lane
  | Novato, California 94947
4 | Telephone: (415) 892-3152
  | Facsimile: (415) 892-3096
5 |
6 | Attorneys for Plaintiff

UNTIED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| DAVID CARLETON, an individual, | Case No. C07-03299 WHA |
| Plaintiff, | PLAINTIFF DAVID CARLETON'S MOTION FOR JUDGMENT |
| v. | [Fed.R.Civ.P. 52] |
| 502 GAP, INC. HEALTH INSURANCE PLAN and THE GAP, INC., in its capacity as Plan Administrator, | (1) NOTICE OF MOTION AND MOTION (2) MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendants. | Judge: Hon. William H. Alsup<br>Time: 8:00 AM<br>Date: August 9, 2007<br>Ct. Rm.: 9<br>19th Fl., 450 Golden Gate Ave.<br>San Francisco, CA |

1   NOTICE OF MOTION AND MOTION FOR JUDGMENT

2   TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE that on August 9, 2007 at 8:00 a.m., or as soon thereafter as the matter may be heard before the Hon. William H. Alsup, United States District Judge, plaintiff shall and hereby does move the Court for judgment in favor of plaintiff and against defendants and each of them.

The Motion is made under Rule 52 of the Federal Rules of Civil Procedure on the grounds that plaintiff is entitled to judgment, in accordance with the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Mrs. Carleton and Declaration of Robert C. Weems filed herewith, the Court's files and records in this action, and on such further evidence and argument as the Court may receive in the submission of the Motion.

Dated: July 5, 2007

    Respectfully submitted,

    JULIAN M. BAUM
    ROBERT C. WEEMS
    BAUM & WEEMS

    by signed by Robert C. Weems
    ROBERT C. WEEMS
    Attorneys for Plaintiff

# I. INTRODUCTION

David Carleton brings this action for reinstatement of his family's health coverage under the Employee Retirement Income Security Act ("ERISA"), 29 USC § 1001, et seq.

Plaintiff became a participant and beneficiary of Defendant 502 Gap, Inc. Health Insurance Plan (the "Plan") while employed by The Gap, Inc. He became disabled. His employment terminated. He elected COBRA continuation coverage[1]. The Gap, Inc. is the Plan administrator. ADP Benefit Services ("ADP") performs administrative services.

The Plan terminated Mr. Carleton's status as participant and beneficiary (and that of his wife and children) asserting he failed to make a premium payment for January 2007. That payment, however, was made. Mr. Carleton's wife timely mailed payment on January 22, 2007.

Under applicable United States Treasury Regulations, specifically 26 CFR 54.4980B-8(e), "payment is considered made on the date on which it is sent to the plan." Likewise, the "mailbox rule" is part of the federal common law of ERISA. *Schikore v. BankAmerica Suppl. Retirement Plan*, 269 F.3d 956, 965 (9th Cir. 2001). Because payment was timely made, Plaintiff should be reinstated as a Plan participant and beneficiary, as should his wife and daughters.

---

[1] COBRA is the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §1161 *et seq.* COBRA, *inter alia*, provides a mechanism for employees to retain health insurance coverage following termination of employment.

## II. PLAINTIFF'S MOTION FOR JUDGMENT

### A. PROCEDURE

Plaintiff moves for judgment by the Court under Fed. R. Civ. P. 52 based on the Courts review of the written record of defendants' denial of plaintiff's benefits claim. This is the procedure established in 1999 by the Ninth Circuit and employed by district courts since then. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.)(*en banc*), cert. den. 120 U.S. 398 (1999). See *Gonzalez v. Guarantee Mut. Life*, 1999 WL 329096, at 3 (N.D. Cal. 1999)(*Kearney* prescribes a 'novel form of trial' to be conducted in ERISA benefit cases."); See also *Thompson v. Standard Ins. Co.*, 167 F.Supp. 2d 1186, 1187 (D. Or. 200 1)(under ERISA, motions for judgment more appropriate, under Kearney, than motions for summary judgment.) Cf. *Sabbatino v. Liberty Life Assur. Co. of Boston,* 286 F. Supp. 2d 1222, 1234 (N.D. Cal. 2003)(Wilken, J.)(deciding cross-motions for summary judgment under Rule 56 and ordering further trial by motion for judgment under Rule 52).

Under this procedure, unlike cross-motions for summary judgment, the Court weighs the evidence and determines disputed questions of fact. See, e.g*., Kearney*, 175 F.3d at 1095 n.6 (findings of fact subject to appellate review under the clearly erroneous standard of Rule 52, rather than the de novo review of summary judgment decisions under Rule 56).

### B. STANDARD OF REVIEW

Under ERISA, plaintiff's claim to entitlement to disability benefits is determined by the Court de novo, unless the plan unambiguously confers discretion on the administrator. *Jordan v. Northrop Grumman Welfare Benefit Plan,* 370 F.3d 869, 875 (9th Cir. 2004). Here, there is nothing in the record that purports to confer discretion on the plan administrator or any other plan fiduciary. Further, an administrator's failure to apply the mailbox rule in ERISA constitutes an abuse of discretion. *Schikore v. BankAmerica Suppl. Retirement Plan*, 269 F.3d 956, 961 (9th Cir. 2001).

## III. FACTS

David Carleton used to work for The Gap, Inc. He became disabled and his employment with the Gap, Inc was later terminated. He elected continuation coverage under COBRA for his and his family's health insurance needs. Declaration of Marcella Carleton, Paragraph 1.

On January 22, 2007, Marcella Carleton (David Carleton's wife) mailed a check, in the amount of $2080.10 to ADP in payment for the January 1, 2007 – January 31, 2007 and February 1, 2007 – February 28, 2007 coverage periods. *Id.*, Paragraph 2.

On February 2, 2007, checked the ADP "BeneDirect" website to verify that ADP had credited her January health insurance payment. Not finding the appropriate credit, Mrs. Carleton called ADP. She was told that ADP had not received her payment, and that she should fax a "Reinstatement Request" to the ADP Compliance Department. *Id.*, Paragraph 3.

On February 2, 2007, Mrs. Carleton faxed a Request for Reinstatement to ADP's Compliance Dept. *Id.*, Paragraph 4.

On February 3, 2007, by US Express Mail, return receipt requested, Mrs. Carleton sent a letter requesting reinstatement of her family's health benefits and another check for the January health coverage premium to ADP's Compliance Dept. *Id.*, Paragraph 5.

On February 7, 2007, Mrs. Carleton faxed another letter requesting reinstatement of benefits to ADP's Compliance Dept. Declaration of Marcella Carleton, Paragraph 6.

On February 10, 2007, ADP sent a retroactive notice of COBRA Termination Coverage to Plaintiff. Weems Declaration, Paragraph 2, Exhibit 1.

On February 12, 2007, Mrs. Carleton talked to "Claudius" at ADP. Claudius confirmed that on February 5, 2007, ADP had received her request to reinstate the Carleton's health benefits and that the account was "in process." Declaration of Marcella Carleton, Paragraph 7.

On March 15, 2007, ADP again sent a Notice of COBRA Coverage Termination to Plaintiff. Weems Declaration, Paragraph 2, Exhibit 2.

On April 4, 2007, ADP denied Plaintiffs request for reinstatement stating it did not have a record of receiving payment. Weems Declaration, Paragraph 2, Exhibit 3.

1   On June 8, 2007, Attorney Lisa Lawrence called ADP and talked to "Danielle." Ms.
2   Lawrence asked if the Carleton's health insurance had been reinstated. Ms. Lawrence referenced
3   the claim by Mr. Carleton's Account number and his date of birth. Danielle said she needed Mr.
4   Carleton's social security number also. Weems Declaration, Paragraph 2, Exhibit 4.
5   On June 11, 2007, Ms. Lawrence called ADP and again talked to Danielle. She gave
6   Danielle Mr. Carleton's social security number. Danielle informed her that this information
7   could not be given to Ms. Lawrence and that ADP would have to open a case file and refer it to
8   ADP's legal department. *Id*.
9   On June 12, 2007, Ms. Lawrence received a telephone call from Sue Zirock, Senior
10  Analyst in ADP's Compliance Department. Ms. Zirock informed her that ADP had denied the
11  Carleton's "first level appeal." She also stated that ADP cannot reinstate benefits, they can only
12  check to see whether payments were received in a timely manner. She advised that the Carleton's
13  could now file a "second level appeal" directly with the Gap Plan Administrator. *Id*.
14  On June 19, 2007, Attorney Julian Baum wrote both ADP and the Gap, Inc., requesting
15  immediate reinstatement of Mr. Carleton's participant and beneficiary status. Weems
16  Declaration, ¶ 2, Exhibit 4. As this request did not result in Plaintiff's reinstatement, Plaintiff
17  was required to bring suit for the reinstatement of his status as a participant and beneficiary of
18  the Plan.

19                                   IV. DISCUSSION

20  The issue in this case is whether Plaintiff timely made payment of his January insurance
21  premium under his COBRA continuation coverage. He did.
22  ERISA, as amended by COBRA, requires that an "employer" who sponsors a group
23  health insurance plan must offer employees and "qualified beneficiaries," including spouses and
24  dependent children, the opportunity to continue their health insurance coverage, at group rates
25  but at their own expense, for at least 18 months after the occurrence of a "qualifying event" --
26  such as a layoff or termination. *See* 29 U.S.C. §§ 1161-1168. Generally, premium payments are
27  due at the beginning of each month. A premium payment is timely if it is made within 30 days
28  after the due date. 29 U.S.C. §1162(2)(C).

1    Here, Plaintiff made his January payment on January 22, 2007, within the statutorily
2 required 30 day grace period.  Payment was made by Mrs. Carleton who mailed the proper
3 payment to ADP.  Declaration of Marcella Carleton.  Despite knowing this, the Plan terminated
4 Plaintiff's coverage on February 10 retroactive to December 31, 2006, because "You failed to
5 pay the applicable premium, in full, by the applicable grace date."  Similarly, it later denied
6 plaintiff's request for reinstatement based on the assertion that it "does not have a record of
7 receiving [the Carleton's] COBRA premium payment postmarked on or before 01/31/2007."
8 The Plan's grounds for termination are insufficient.

9    Under Treasury Regulation § 54.4980B-8, 26 CFR  54.4980B-8(e), "payment is
10 considered made on the date on which it is sent to the plan."  Here, payment was made January
11 22, 2007.  Plaintiff accordingly complied with his obligations.  Moreover, Plaintiff went further
12 and when unable to confirm the Plan's receipt of payment, resent payment.

13    The federal common law of ERISA also establishes that Plaintiff's payment was timely
14 made.  ERISA incorporate the "mailbox rule." *Schikore v. BankAmerica Suppl. Retirement Plan*,
15 269 F.3d 956, 961 (9th Cir. 2001).

16> [T]the application of the mailbox rule to an ERISA plan's benefit decisions must
17> be done in a manner consistent with the purposes of ERISA, the central purpose
18> of which is to "protect the interests of participants in employee benefit plans and
19> their beneficiaries." 29 U.S.C. ß  1001(b) (congressional findings and declaration
20> of policy). See also  *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 90, 77 L. Ed. 2d
21> 490, 103 S. Ct. 2890 (1983).

22 *Schikore*, 269 F.3d at 963.

23    Where, as here, Plaintiff has sworn to making payment by mail, the Plan cannot terminate
24 benefits merely based on having no record.  *Id.* at 964.  Accordingly, the Plan's termination of
25 Plaintiff's participation and benefits was improper, and Plaintiff should be reinstated.

## V. CONCLUSION

Plaintiff's continuation coverage under the Plan should be reinstated. Plaintiff timely made payment of his premiums. 29 U.S.C. §1162(2)(C). Under the treasury regulations implementing COBRA, a payment is considered made when mailed. 26 CFR 54.4980B-8(e). So too, the common law "mailbox rule" applies under ERISA. *Schikore v. BankAmerica Suppl. Retirement Plan*, 269 F.3d 956, 961 (9th Cir. 2001). Accordingly, this Court should order the Plan to reinstate Plaintiff, his wife and family.

Dated: July 5, 2007

                                                         Respectfully submitted,

                                                         JULIAN M. BAUM
                                                         ROBERT C. WEEMS
                                                         BAUM & WEEMS

                                                         by signed by Robert C. Weems
                                                         ROBERT C. WEEMS
                                                         Attorneys for Plaintiff