1  DONALD P. SULLIVAN, State Bar No. 191080
   CHRISTOPHER M. AHEARN, State Bar No. 239089
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001

5  Attorneys for Defendants
   GAP, INC. HEALTH INSURANCE PLAN, and THE
6  GAP, INC.

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 | DAVID CARLETON,                        | Case No.: C 07-3299 WHA
12 |              Plaintiff,                 | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**
13 | vs.                                     |
14 | 502 GAP, INC. HEALTH INSURANCE PLAN, and THE GAP, INC., in its |
15 | capacity as Plan Administrator         |
16 |              Defendants.                |

17     DEFENDANTS GAP, INC. HEALTH INSURANCE PLAN ("Plan"), erroneously sued
18 as 502 GAP, INC. HEALTH INSURANCE PLAN, and THE GAP, INC. ("Gap") (collectively,
19 "Defendants"), answer the Complaint ("Complaint") of plaintiff David Carleton ("Plaintiff") as
20 follows:
21     1.    The statements contained in Paragraph 1 of the Complaint constitute legal
22 argument rather than factual allegations, thereby requiring no answer. To the extent said
23 statements could be construed as containing factual allegations, Defendants deny each and every
24 such allegation, but do not contest that Plaintiff has brought this action under ERISA and that this
25 Court has subject matter jurisdiction over this action.
26     2.    The statements contained in Paragraph 2 of the Complaint constitute legal
27 argument rather than factual allegations, thereby requiring no answer. To the extent said
28 statements could be construed as containing factual allegations, Defendants deny each and every

1  such allegation, but do not contest that venue is proper in this district.

2      3.    Defendants deny each and every allegation contained in Paragraph 3 of the

3  Complaint.

4      4.    The statements contained in Paragraph 4 of the Complaint constitute legal

5  argument rather than factual allegations, thereby requiring no answer. To the extent said

6  statements could be construed as containing factual allegations, Defendants deny each and every

7  allegation, except admit that the Plan is an employee welfare benefit plan, as that term is defined

8  in ERISA, 29 U.S.C. § 1002(1).

9      5.    The statements contained in Paragraph 5 of the Complaint constitute legal

10 argument rather than factual allegations, thereby requiring no answer. To the extent said

11 statements could be construed as containing factual allegations, Defendants deny each and every

12 allegation.

13     6.    Defendants deny each and every allegation contained in Paragraph 6 of the

14 Complaint, except admit and allege that the Plan terminated Plaintiff's and his beneficiaries'

15 participation in the Plan effective December 31, 2006 for non-payment of premium.

16     7.    Defendants deny each and every allegation contained in Paragraph 7 of the

17 Complaint.

18     8.    Defendants deny each and every allegation contained in Paragraph 8 of the

19 Complaint, except admit and allege that Plaintiff's wife, Marcella Carleton, wrote to the Plan's

20 COBRA Administrator, ADP Benefit Services, on or about February 2, 2007 requesting that "our

21 account" be reinstated.

22     9.    Defendants admit the allegations contained in Paragraph 9 of the Complaint.

23     10.    The statements contained in Paragraph 10 of the Complaint constitute legal

24 argument rather than factual allegations, thereby requiring no answer. To the extent said

25 statements could be construed as containing factual allegations, Defendants deny each and every

26 allegation.

27 / / /

28 / / /

**PRAYER FOR RELIEF**

The statements contained in the Prayer for Relief constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny the allegations and deny that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the claims asserted in the Complaint, Defendants alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state an actionable claim because Plaintiff has failed to exhaust his administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and its claim for relief is barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of waiver because of Plaintiff's own conduct, acts, and omissions.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(A)(1)(B), because Plaintiff has already received all of the benefits to which he was entitled.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants cannot fully anticipate all the defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert additional defenses if and to the extent that such defenses are applicable.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint and judgment be entered for Defendants;

2. That Defendants be awarded all costs of suit incurred herein;

3. That Defendants be awarded reasonable attorneys' fees; and

4. That Defendants be granted such other and further relief as the Court deems just and proper.

Dated:  August 2, 2007                    MORGAN, LEWIS & BOCKIUS LLP

By: _____/S/ Donald P. Sullivan_____
Donald P. Sullivan
Attorneys for Defendants
GAP, INC. HEALTH INSURANCE PLAN,
and THE GAP, INC.

1-SF/7583637.1