DONALD P. SULLIVAN, State Bar No. 191080
CHRISTOPHER M. AHEARN, State Bar No. 239089
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendants
GAP, INC. HEALTH INSURANCE PLAN, and THE
GAP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID CARLETON,<br><br>               Plaintiff,<br><br>vs.<br><br>502 GAP, INC. HEALTH INSURANCE PLAN, and THE GAP, INC., in its capacity as Plan Administrator<br><br>               Defendants. | Case No.:  C 07-3299 WHA<br><br>**DEFENDANTS' LOCAL RULE 6-3 MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND TO RESET THE NOTICED HEARING DATE** |

Defendants Gap, Inc. Health Insurance Plan, erroneously sued as 502 Gap, Inc. Health Insurance Plan, and The Gap, Inc. (collectively "Defendants"), by and through their attorneys, and pursuant to Local Rules 6-3 and 7-10, hereby move this Court for an order extending their time to respond to Plaintiff David Carleton's Motion for Judgment on the Pleadings ("Motion") to Thursday, September 6, 2007, and resetting the noticed hearing date to Thursday, September 27, 2007.  Good cause exists for this request, and substantial prejudice to Defendants will result if it is not granted, because Plaintiff's Motion was filed in violation of Federal Rule of Civil Procedure 12(c), Defendants have just recently retained counsel and are still investigating the facts of this matter, Plaintiff has not yet exhausted his administrative remedies, and because the requested relief will not delay the progress of this action.

**I.      BACKGROUND**

Plaintiff filed this action under the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. § 1001, *et seq.*, and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.*, for continued medical benefits on June 22, 2007. On July 5, 2007, before Defendants were served with the Summons and Complaint, Plaintiff filed his Motion with the Court. Plaintiff noticed the hearing on his Motion for August 9, 2007, exactly thirty-five days after he filed his Motion with the Court.

On July 5, 2007, Plaintiff's process server attempted for the first time to serve Defendants with the Summons, Complaint, and Motion papers.[1]

Defendants retained counsel to represent them in this matter on July 25, 2007. Declaration of Donald P. Sullivan ("Sullivan Decl."), ¶ 2. On July 26, 2007, Defendants' counsel telephoned Plaintiff's counsel to request an extension of time to respond to the Complaint. Sullivan Decl., ¶ 3. It was during this conversation that Defendants' counsel learned for the first time that a Motion for Judgment on the Pleadings had been filed and allegedly served on Defendants. *Id.* After a lengthy discussion about the effectiveness of the service, Plaintiff's counsel refused to grant Defendants an extension of time to respond to either the Complaint or the Motion for Judgment on the Pleadings. *Id.*

Defendants' counsel telephoned Plaintiff's counsel again on Monday, July 31 and Wednesday, August 1, 2007 to discuss the service issue and to establish a time for responding to the Complaint and the Motion. Sullivan Decl., ¶ XX. Each time, Plaintiff's counsel refused Defendants' counsel's attempts to set dates. *Id.*

Defendants responded to Plaintiff's Complaint on August 2, 2007.

The Initial Case Management Conference is scheduled for Thursday, September 27, 2007. The last day for the parties to meet and confer regarding discovery, initial disclosures, early settlement, and ADR process selection ("Discovery Conference") is Thursday, September 6, 2007. The last day for the parties to file their joint Rule 26(f) report is Thursday, September 20,

---

[1] Defendants assert that the attempted service on July 5, 2007 was improper because the Summons and Complaint, but no Motion, were left with a non-employee security guard who specifically told the process server that he was not authorized to accept service and that the proper address for service of process was 2 Folsom Street in San Francisco. Nevertheless, Defendants responded to the Complaint on August 2, 2007.

1  2006.

2  **II.     ARGUMENT**

3    **A.    Plaintiff Filed His Motion for Judgment on the Pleadings in Violation of Federal Rule of Civil Procedure 12(c)**

4

5  Under Rule 12(c) of the Federal Rules of Civil Procedure, a Motion for Judgment on the

6  Pleadings may only be brought once the pleadings have closed, namely, once answers have been

7  filed to all claims and counterclaims.  Fed. R. Civ. Proc. §§ 7(a) & 12(c); *see also* 2-12 James

8  Wm. Moore Et Al., Moore's Federal Practice § 12.38 (3d Ed. 1997); *Edelman v. Locker*, 6 F.R.D.

9  272, 274 (E.D. Pa. 1946) (plaintiff's motion for judgment on pleadings as to defendant's

10  counterclaim, made prior to closure of pleadings, could **not** be considered by court); *Rizzi v.*

11  *Calumet City*, 183 F.R.D. 639, 640-41 (N.D. Ill. 1999) (motion for judgment on the pleadings

12  denied where brought prior to filing of answer); *Mull v. Colt Co.*, 31 F.R.D. 154, 156 & n. 1

13  (S.D.N.Y. 1962) ("From the plain language of Rule 12(c), it is apparent that the motion for

14  judgment on the pleadings is available when the pleadings are closed.  Since the moving

15  defendants have not served their answers to the amended complaint the Rule 12(c) motion is

16  inappropriate.").

17  The Court may not consider Plaintiff's Motion on the noticed hearing date of August 16,

18  2007, because it was filed and served before the pleadings were closed in violation of Rule 12(c).

19  As stated above, Plaintiff filed his Motion on July 5, 2007, and attempted to serve it, along with

20  the Summons and Complaint, on Defendants that same day.  Defendants did not answer the

21  Complaint until August 2, 2007.  Because the pleadings were not closed until August 2, 2007,

22  Plaintiff's filing and attempted service of his Motion on July 5, 2007 was in violation of Rule

23  12(c).  This violation has unfairly prejudiced Defendants because it has deprived them of the time

24  necessary to fully analyze the legal and factual issues in this case.

25    **B.    Defendants Have Just Recently Retained Counsel**

26  Defendants retained litigation counsel in this matter on Wednesday, July 25, 2007.

27  Defense counsel needs the requested additional time so that it can complete its legal analysis and

28  factual investigation in the case.  Specifically, Defense counsel needs the additional time so that it

1  can interview witnesses and obtain declarations in response to the allegations made in Plaintiff's
2  Complaint and Motion.  Absent the additional time and resetting of the hearing date, Defendants
3  will be deprived of their right to submit a meaningful response to Plaintiff's Motion.  Such a
4  deprivation would be unfairly prejudicial to Defendants.

### C. Plaintiff Has Not Yet Exhausted His Administrative Remedies

6  On June 19, 2007, Plaintiff submitted, through his current counsel, an appeal to the Plan
7  Administrator of the Plan's decision to terminate his benefits for non-payment.  Declaration of
8  Neal Evans ("Evans Decl."), Ex. A.  On July 23, 2007, the Plan Administrator wrote to Plaintiff,
9  with a courtesy copy to his counsel, requesting additional information.  *Id.*  The letter requested
10 that Plaintiff submit the additional information by August 22, 2007.  *Id.*  It also stated that it
11 would render a decision to Plaintiff by September 6, 2007.  *Id.*

12 To date, Plaintiff has not yet submitted the requested information to the Plan
13 Administrator, and the Plan Administrator has not issued its final decision on Plaintiff's claim for
14 continued benefits.  Evans Decl., ¶ 3.  Plaintiff has, therefore, not yet exhausted his administrative
15 remedies.  *Diaz v. United Agric. Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1483-
16 84 (9th Cir. 1995).

17 Because the Plan Administrator might grant Plaintiff the relief he has requested if he
18 submits the requested information to the Plan Administrator for consideration, judicial economy
19 necessitates that the briefing and hearing on Plaintiff's Motion be continued until after the Plan
20 Administrator reviews and decides Plaintiff's claim.  The Plan Administrator has stated to
21 Plaintiff that if he provides it with the requested information by August 22, 2007, it will decide
22 his claim by September 6, 2007.  Efficiency and the preservation of the Court's and the parties'
23 resources dictate that Defendants should not be required to respond to Plaintiff's Motion until
24 September 6, 2007.  Defendants, therefore, respectfully request that they be granted until
25 September 6, 2007 to file a response to Plaintiff's Motion, and that the hearing on the Motion be
26 continued to Thursday, September 27, 2007.  Absent the requested relief, Defendants will be
27 unfairly prejudiced by having to pay counsel to defend them in a lawsuit that is not yet ripe.
28 ///

     **D.**    **The Requested Relief Will Not Delay The Progress of This Action**

The requested relief will not delay the progress of this action in any way. Indeed, Defendants propose to set the hearing on Plaintiff's Motion for the same date as the Initial Case Management Conference, September 27, 2007. Defendants have not received any other extensions of time in this case.

**III.**    **CONCLUSION**

For the above stated reasons, good cause exists to grant Defendants until Thursday, September 6, 2007 to respond to Plaintiffs' Motion, and to reset the hearing on the Motion to Thursday, September 27, 2007. Absent the requested relief, Defendants will be substantially and unfairly prejudiced because they will not have sufficient time to prepare a meaningful response to Plaintiff's Motion.

Dated: August 3, 2007                                  MORGAN, LEWIS & BOCKIUS LLP

                                                                  By: _____/S/ Donald P. Sullivan_____
                                                                          Donald P. Sullivan
                                                                          Attorneys for Defendants
                                                                          GAP, INC. HEALTH INSURANCE PLAN, and THE GAP, INC.

1-SF/7584070.1